Rasieleski v. C.F. Bordo, Inc.

*Michael R. Mey,* for plaintiff.
*Jay D. Branderbit,* for defendant.
*John J. Brier,* for additional defendant.

MINORA, *J.,* December 13, 2010—

## I. Introduction

Currently before the court are plaintiff's preliminary objections to defendant's joinder complaint against the potential additional defendant, Myron Krinetsky. The preliminary objections are essentially a motion to strike the joinder complaint.

By way of background, plaintiff Frank Rasieleski instituted his case for property damage against defendant, C.F. Bordo, Inc. with a complaint dated June 18, 1999 alleging only breach of contract and breach of implied warranties of merchantability and fitness for purpose relative to the purchase and installation of an exterior coating system to the plaintiff's residence.

The record reveals that on November 30, 2006, defendant sought to join Myron Krinetsky as an additional defendant by way of motion for leave to join. This motion was denied by the court summarily on November 30, 2006. There was no explanation given for the denial (see copy of order dated November 30, 2006 attached as Exhibit "B" to defendant's supplemental brief in support

of reply to plaintiff's preliminary objections to joinder complaint). It's unclear as to which of our colleagues signed the order. The signature has been attributed to Judge Geroulo, Mazzoni and Munley but the only relevance is that is was signed by one of our colleagues of equal coordinate jurisdiction and is purported by plaintiff to be the "law of the case" as it pertains to joinder of Myron Krinetsky).

In any event, in further proceedings before the undersigned, this honorable court permitted plaintiff to file an amended complaint, *including a new count of negligence*. (Emphasis added).

At that time, the undersigned observed that the order of November 30, 2006 might not be controlling at this point on the issue of the joinder of Myron Krinetsky since the theory of the case has now changed with the addition of a negligence count (see transcript of proceedings of February 16, 2010 p. 45 attached as Exhibit "A" to defendant's supplemental brief in support of reply to plaintiff's preliminary objections to joinder complaint).

As alluded to, plaintiff filed an amended complaint on March 2, 2010 with the addition of a cause of action for negligence. On March 26, 2010, twenty-four (24) days after plaintiff filed his amended complaint, defendant filed a joinder complaint in what they term as a matter of right for the joinder of additional defendant Myron Krinetsky.

It is defendant's factual contention that the defendant was hired to replace a previously defective exterior, which

caused subsequent rotting to the plywood structure of the home. The original contractor of the home, additional defendant Myron Krinetsky, was re-hired at the same time as the defendant to remove and replace rotten plywood. All work orders allegedly went through Mr. Krinetsky, and additional defendant Krinetsky acted as plaintiff's agent and had ultimate control of what was replaced on the plaintiff's home.

In any event, the issue of this contested joinder was heard by the undersigned at oral argument on August 11, 2010. The court entertained both pre- and post-argument briefs and the matter is now ripe for disposition.

## II. Issue

Should plaintiff's preliminary objections to original defendant's joinder complaint against potential additional defendant Myron Krinetsky be sustained or overruled?

## III. Discussion

There are a number of reasons why plaintiff's preliminary objections to original defendant's joinder complaint should be dismissed.

First, Pa. R.C.P. §2253(a)(1) indicates that a joinder complaint shall be filed "sixty" days after the service upon the original defendant of the initial pleading of the plaintiff *or any amendment thereof*...(emphasis added).

In the case at hand, the joinder complaint at issue was filed on March 26, 2010 or within twenty-four (24) days of the amended complaint filed by plaintiff. This is well

within the sixty- (60) day time frame imposed by Pa. R.C.P. §2253(a)(1).

Moreover, by rule plaintiff has no standing to object to the joinder complaint where the joinder has been accomplished within sixty (60) days of an amended complaint.

Pa. R.C.P. §2253(b) (and its explanatory comments - 2005) indicates that:

(b) any party may object to a motion to join an additional defendant after the period prescribed by subdivision (a) on the ground that the party will be prejudiced by the late joinder. The plaintiff may also object to the late joinder on the ground that the joining party has not shown a reasonable justification for its delay in commencing joinder proceedings.

In the case at hand, it is clear by rule that a timely joinder cannot be attacked ab initio for the substantive reasons set forth in Pa. R.C.P. §2253(b). (see also 7 Goodrich - Amram 2d §2253.3 (September 2010) for a synopsis of the effect of an amendment of plaintiff's complaint on the right to permissive joinder within sixty (60) days of said amendment. see also *Stauffer v. Sutton*, 17 Pa. D.&C. 2d 26 (C.P.1959)).

Finally, plaintiff's reliance on the "law of the case" or "coordinate jurisdiction" doctrines is misplaced.

As we know, the "law of the case" doctrine instructs that a court involved in the later phases of a litigated

matter should not reopen questions decided by another judge of that same court. Put another way, the synonymous "coordinate jurisdiction" doctrine also instructs that judges of equal jurisdiction sitting in the same case should not overrule each other's decisions. See *Ario v. Reliance Insurance Co.*, 602 Pa. 490, 980 A.2d 588 (Pa. 2009); 1 *Standard PA Practice 2d* §2:262 (October 2010).

As we also know, departure from this rule is allowed where:

1. there has been an intervening change in the controlling law;

2. or *a substantial change in the facts or evidence giving rise to the dispute in the matter*; or

3. where the prior holding was clearly erroneous and would create a manifest injustice if followed (emphasis added). *Ryan v. Berman*, 572 Pa. 156, 813 A.2d 792 (Pa. 2002).

In the case at hand, the prior ruling to refuse joinder set forth per order of November 30, 2006 did not involve the factual situation where an amendment not only substantively changed the landscape from a breach of contract theory to a negligence theory, but the amendment itself triggered a new and allowable sixty- (60) day period of joinder sanctioned by Pa. R.C.P. §2253(a)(1).

These were factors not before the court on November 30, 2006 so the "law of the case" or "coordinate jurisdiction" doctrines do not apply.

Ultimately, defendant has complied with the time frame imposed by Pa. R.C.P. 2253(a)(1) for joinder because of the new time line resulting from plaintiff's own amended complaint.

Therefore, any further consideration of plaintiff's preliminary objections to defendant's joinder complaint are rejected. Said preliminary objections will be overruled and dismissed.

An appropriate order follows.

### ORDER

And now to wit, December 13, 2010, upon due consideration of plaintiff's preliminary objections to defendant's joinder complaint and the able verbal and written arguments of counsel, and in accordance with the foregoing memorandum and order, it is hereby ordered and decreed said preliminary objections are overruled and dismissed.